```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| PATRICK COLLINS, INC., a California Corporationm | ) ) ) | 2:12-cv-01458-GEB-JFM |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |
| JOHN DOES 1 through 11, | ) ) | |
| Defendants. | ) ) | |

The May 30, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 1, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The May 30, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 1, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1  a hearing is requested, it will be held on October 15, 2012, at 9:00
2  a.m., just prior to the status conference, which is rescheduled to that
3  date and time. A status report shall be filed no later than fourteen
4  (14) days prior to the status conference.
5        IT IS SO ORDERED.
6  Dated:  September 21, 2012

8                                _____
                                 GARLAND E. BURRELL, JR.
9                                Senior United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that
is where the impact of the sanction should be lodged." Matter of
Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied,
471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their
consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387
(9th Cir. 1985).

2